IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY WEEMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-1691-DWD |
| | ) |
| D. SPROUL, Warden, USP Marion, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 16). The Amended Petition is ripe for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

Before conducting that preliminary review, the Court recounts the background of this case. On July 8, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus, dated July 2, 2024, under § 2241. (Doc. 1). Prior to the Court's preliminary review of that Petition under Rule 4, however, Petitioner filed a Motion to Amend under Federal Rule of Civil

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, while the Amended Petition was filed under § 2241, the Rules apply. *Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

Procedure 15(a)(2). (Doc. 6). That Motion was granted on August 19, 2024. (Doc. 7). The Court stressed, though, that it would not accept a piecemeal amendment to the Petition. (Doc. 7). Therefore, Petitioner was directed to file a First Amended Petition under § 2241 by September 18, 2024. (Doc. 7). Petitioner was advised that the First Amended Petition would supersede, replace, and void the original Petition, so it had to stand on its own without reference to any previous pleading. (Doc. 7). In other words, Petitioner had to provide all of his allegations in the First Amended Petition and refile any exhibits that should be considered with those allegations. (Doc. 7). Petitioner was warned that the failure to comply with Doc. 7 could result in a dismissal of the action under Federal Rule of Civil Procedure 41(b). (Doc. 7). To enable compliance, Petitioner was directed to utilize the Court's form Petition for a Writ of Habeas Corpus under § 2241. (Doc. 7).

Thereafter, on September 19, 2024, the Court granted Petitioner's Motion for an Extension of Time to Comply with Doc. 7, extending the filing deadline to November 4, 2024. (Docs. 9 & 10). The next day, however, Petitioner filed a Petition for a Writ of Habeas Corpus under § 2241, with Exhibits, on the Court's form for § 2241 petitions. (Doc. 11). The Petition was dated August 27, 2024. (Doc. 11, pg. 9). On October 3, 2024, the Court received a Letter and yet another Petition for a Writ of Habeas Corpus under § 2241, dated September 27, 2024, from Petitioner. (Docs. 14; 14-1). The Letter indicated Petitioner was complying with the Court's September 19, 2024, Order. (Doc. 14). He stated: "if said 2241 is not done/completed in the right way[,] could petitioner be notified." (Doc. 14).

On October 4, 2024, the Court notified Petitioner that he had not complied with Doc. 7. (Doc. 15). The Court again reiterated it would not accept piecemeal amendments.

2

(Doc. 15). The Clerk of the Court was directed to strike the Petition at Doc. 11. (Doc. 15). The Court further advised that it would not accept the Petition received with the Letter on October 3, 2024. (Docs. 14-1; 15). Instead, on or before November 4, 2024, Petitioner was directed to file a single First Amended Petition under § 2241 that complied with Doc. 7. (Doc. 15). The Court indicated, once Petitioner did so, it would strike any petition that was subsequently filed without leave. (Doc. 15). The Court also stated it would conduct a preliminary review under Rule 4 upon receiving a compliant petition. (Doc. 15).

Now, Petitioner has filed an Amended Petition that complies with the Court's prior directives. (Docs. 7, 15, 16). As such, the Amended Petition is ripe for a preliminary review under Rule 4. In the Amended Petition, Petitioner raises two grounds for relief. First, he argues the United States Parole Commission ("USPC") violated the ex post facto clause of the U.S. Constitution "by denying [him] parole again for a [sex offender] program that was not in existence and by increasing his minimum sentence." (Doc. 16, pgs. 2, 6). In Petitioner's view, the USPC applied the wrong parole guidelines and, after he completed the recommended sex offender treatment program, improperly increased his term of imprisonment by incorrectly relying upon a static-99 risk report. (Doc. 16, pg. 6). Second, the USPC allegedly double counted Petitioner's criminal offenses by "us[ing] the nature of [his] offenses and dismissed crimes to deny…parole." (Doc. 16, pg. 7). As relief, Petitioner seeks, *inter alia*, an immediate release from custody. (Doc. 16, pg. 8).

Here, given the limited record available, the Court **FINDS** it does not "plainly appear" from the Amended Petitioner that Petitioner is not entitled to habeas relief. Therefore, without commenting on the merits, the Court **FURTHER FINDS** the

3

Amended Petition survives a Rule 4 preliminary review. Respondent is **ORDERED** to file an answer or other pleading by **January 24, 2025**. Petitioner shall then have until **February 24, 2025**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Amended Petition. Service upon the U.S. Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of the Court and Respondent apprised of his whereabouts. He shall notify the Clerk of the Court and Respondent of any change of address, in writing, within 7 days. Failing to do so could result in a dismissal. *See* Fed. R. Civ. P. 41(b).

    **SO ORDERED.**

    Dated: December 19, 2024

                                                *s/ David W. Dugan*
                                                DAVID W. DUGAN
                                                United States District Judge